IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 00-454 |
| vs. | : | |
| | : | CIVIL ACTION |
| NEIL MOSES | : | NO. 04-5414 |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                                    **JANUARY 27, 2012**

  Presently before this Court is Petitioner Neil Moses' ("Moses") pro se Motion to Reduce Sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on a recent amendment to the Sentencing Guidelines which lowered the base levels applicable to cocaine base ("crack") offenses. For the reasons set forth below, this Motion is denied.

**I.     PROCEDURAL AND FACTUAL HISTORY**

  Moses and co-defendant Jermaine Whitfield were indicted in August 2000. A superseding indictment was filed on October 4, 2000, charging Moses with two counts of distribution of crack cocaine, one count of possession with the intent to distribute crack cocaine, and one count of conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846. The charges stemmed from an undercover drug operation which utilized a government informant, Joseph Goff, and a Kell transmitter to tape record certain conversations that occurred during the controlled drug buys.

  Goff, in the company of undercover Officer Brown, purchased crack cocaine from Moses on June 20 and July 7, 2000, outside of a residence at 2554 Sheridan Street, Philadelphia, where Dermont Cheeseboro, Moses' cousin, and Cheeseboro's girlfriend, Carmen Brown, lived. On July 13, 200, Goff and Officer Brown arranged for the purchase of a quarter pound of crack from

Moses. While they waited with Moses outside the Sheridan residence, Whitfield arrived with the crack and entered the home. Once he was inside, Whitfield observed the police arrest Moses. Although Whitfield tried to hide the crack, it was discovered during a consensual search of the residence.

On May 15, 2001, the jury returned a verdict of guilty on all four counts. The Probation Office determined that Moses' offenses involved approximately 205.5 grams of crack. (PSR ¶¶ 21-23.) This quantity of crack resulted in a base offense level of 34. Moses was in criminal history category IV, and his guideline range was 210 to 262 months. Nevertheless, because Moses faced a mandatory minimum sentence of 240 months, his guideline range was 240 to 260 months. On October 1, 2001, this Court sentenced Moses and imposed the mandatory minimum sentence of 240 months imprisonment. Petitioner appealed the judgment, and the United States Court of Appeals for the Third Circuit affirmed the judgment on February 26, 2003. United States v. Moses, 58 Fed. Appx. 549 (3d Cir. 2003). On November 19, 2004, Moses filed a pro se Motion to Vacate and Correct Sentence pursuant to 28 U.S.C. § 2255. We denied this Motion in a Memorandum Opinion dated June 30, 2005. United States v. Moses, No. 00-54, 2005 WL 1532477, at *1 (E.D. Pa. June 30, 2005). Moses appealed this decision to the Court of Appeals who denied a Certificate of Appealability on February 2, 2009. Moses filed the instant Motion on November 21, 2011.

## II. DISCUSSION

Moses claims that he is eligible for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a recent amendment to the Sentencing Guidelines. However, Moses is not eligible for a sentence reduction because he was sentenced to the statutory mandatory minimum

penalty, and the retroactive guideline amendment does not affect the mandatory minimum sentence.

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce their term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582 (c)(2).

In Section 1B1.10 of the Guidelines[1], the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.  The version of Section 1B1.10 applicable in this case became effective on November 1, 2011 (the date on which the retroactive amendment Moses seeks to apply is effective), and states in relevant part:

> (1) <u>In General</u>.- In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subdivision (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

---

[1] A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c).  See <u>United States v. Zembra</u>, 403 Fed. Appx. 649, 650 (3d Cir. 2010); <u>United States v. Gill</u>, 68 Fed. Appx. 354, 355 (3d Cir. 2003); <u>United States v. Thompson</u>, 70 F.3d 279, 281 (3d Cir. 1995).

> (2) <u>Exclusions</u>.- A reduction in the defendant's term of imprisonment is not consistent with this policy and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if-
>
>> (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
>>
>> (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) <u>Limitation</u>.- Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

(Sentencing Guidelines, Section 1B1.10.)

The Supreme Court of the United States in <u>Dillon v. United States</u>, 130 S.Ct. 2683 (2010), addressed the process for application of a retroactive guideline amendment, emphasizing that Section 1B1.10 is binding. The Court stated that "[a]ny reduction must be consistent with applicable policy statements issued by the Sentencing Commission." <u>Id.</u> at 2688. The Court held that a two-step approach must be followed:

> At step one, § 3882(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determinations, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." <u>Ibid.</u>
>
> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1,10(b)(2) also confines the extent of the reduction authorized. Courts generally may "**not reduce the defendant's term of imprisonment under 18**

> **U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range**" produced by the substitution. § 1B1.10(b)(2)(A). . . .
>
> At step two of the injury, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

Dillon, 130 S. Ct. at 2691-92. (emphasis added).

In the present matter, the amendment at issue is part A of Amendment 750, which altered the offense levels in Section 2D1.1 applicable to crack cocaine offenses, and which the Sentencing Commission added to Section 1B1.10(c) as a retroactive amendment. As the Government notes: "The Sentencing Commission lowered the crack cocaine offense levels pursuant to the Fair Sentencing Act of 2010, which changed the threshold quantities of crack cocaine which trigger mandatory minimum sentences under 21 U.S.C. § 841(b), and directed the Commission to implement comparable changes in the pertinent guideline." (Govt.'s Resp. at 4.)

The Government asserts that Moses is "not eligible for a reduction in sentence because he was sentenced to the statutory mandatory minimum of 240 months, and his amended guideline range falls below and thus is subsumed and displaced by the mandatory minimum." (Id.) The Government further asserts that "[a]t the original sentencing proceeding, based on the amount of crack involved in the offense, the defendant faced a mandatory minimum term of 240 months, and Moses was sentenced to the mandatory minimum term of imprisonment. This statutorily required sentence is not affected by Amendment 750." (Id.) We agree.

Moses claims that the Fair Sentencing Act of 2010 ("FSA") applies to this case because it lowered the mandatory minimum penalties for crack offenses. However, it has been decided by a

number of circuits, including our own, that the FSA only applies to defendants sentenced on or after August 3, 2010, the date of its enactment.  See e.g., United States v. Glover, 398 Fed. Appx. 677, 680 (2d Cir. 2010), cert. denied, 131 S.Ct. 1582 (2011), United States v. Reevey, 631 F.3d 110, 113–15 (3d Cir. 2010); United States v. McAllister, 401 Fed. Appx. 818, 820 (4th Cir. 2010) (per curiam); United States v. Doggins, 633 F.3d 379, 384 (5th Cir. 2011); United States v. Carradine, 621 F.3d 575, 580 (6th Cir. 2010), cert. denied, 131 S.Ct. 1706 (2011).  Because Moses was sentenced on October 1, 2001, the original mandatory minimum penalty of 240 months remains applicable, and Moses' Motion for a reduction of sentence is also denied on this basis.

      An appropriate Order follows.